UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST IMMIGRANT RIGHTS PROJECT, VANESSA OSORIO<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Case No. 25-cv-517<br><br>**COMPLAINT** |

COMPLAINT
Case No. 25-cv-517

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**INTRODUCTION**

1. This case seeks "to learn about the circumstances of a[] [detained person's] tragic death in federal custody." *Transgender L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771, 777 (9th Cir. 2022). "The Freedom of Information Act exists for just such a purpose—to ensure an informed citizenry, promote official transparency, and provide a check against government impunity." *Id.*

2. On October 22, 2024, Defendant U.S. Immigration and Customs Enforcement (ICE) detained José Manuel Sanchez Castro (Mr. Sanchez) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. After being taken into custody, Mr. Sanchez suffered significant withdrawal symptoms. Five days later, on January 27, 2024, he was found dead while in ICE custody at the NWIPC.

3. This lawsuit seeks all records related to Mr. Sanchez's detention, medical care, and death. It is the first step in seeking to hold ICE and the GEO Group, Inc. (GEO) accountable for its actions in managing—or failing to manage—Mr. Sanchez's withdrawal as required by law. GEO is a private detention services company that operates the detention center pursuant to a contract with ICE.

4. Mr. Sanchez is survived by his U.S. citizen wife, Plaintiff Vanessa Osorio, and their children. Ms. Osorio seeks to hold ICE and GEO accountable for the untimely and tragic death of her husband and children's father.

5. Plaintiff Northwest Immigrant Rights Project (NWIRP) is a legal services and advocacy organization that defends the rights of immigrant communities in Washington State, including individuals detained at NWIPC. NWIRP seeks to ensure that ICE and GEO respect those rights at NWIPC, including in the medical care provided to those detained at the facility.

COMPLAINT - 1
Case No. 25-cv-517

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

6. On January 21, 2025, NWIRP, Ms. Osorio, and the University of Washington's Center for Human Rights (UWCHR) (collectively, the Requestors) filed a Freedom of Information Act (FOIA) request with ICE requesting all medical, detention, death, and similar records related to Mr. Sanchez from his October 22, 2024, to October 27, 2024, detention at NWIPC.

7. Under FOIA, ICE had twenty business days to respond to Plaintiffs' request. In this case, ICE invoked a ten-day extension for producing responsive records. ICE's time to provide a response has since elapsed.

8. NWIRP and Ms. Osorio (Plaintiffs) now file this suit to compel Defendants to produce responsive records. In doing so, Plaintiffs seek to hold ICE and GEO accountable to ensuring that individuals like Mr. Sanchez receive adequate care when detained at NWIPC, and that tragedies like Mr. Sanchez's death do not recur.

## JURISDICTION & VENUE

9. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question).

10. This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201–02, and Federal Rules of Civil Procedure 57 and 65.

11. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

COMPLAINT - 2
Case No. 25-cv-517

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**PARTIES**

12. Plaintiff Northwest Immigrant Rights Project (NWIRP) is a nonprofit 501(c)(3) organization. NWIRP provides free legal services to, and advocates on behalf of, immigrant communities in Washington State, including individuals placed in detention at the NWIPC.

13. Plaintiff Vanessa Osorio is the wife of Mr. Sanchez. She resides in Yakima, Washington.

14. Defendant U.S. Immigration and Customs Enforcement (ICE) is part of the U.S. Department of Homeland Security, and is the entity responsible for managing all aspects of the detention of noncitizens in immigration proceedings. ICE is an agency within the meaning of 5 U.S.C. § 552(f).

**FACTUAL ALLEGATIONS**

15. NWIPC is an ICE detention facility in Tacoma, Washington. Individuals detained at the facility are in civil detention and are there to complete their removal proceedings or to await removal.

16. NWIPC is operated by the GEO Group, a private company with whom ICE contracts to hold immigration detainees.

17. In late October 2024, ICE arrested José Manuel Sanchez Castro at his home in Eastern Washington. Mr. Sanchez was subsequently transferred to NWIPC.

18. Shortly after his arrest, Mr. Sanchez began to suffer withdrawal symptoms. He was placed in the medical housing unit at NWIPC at some point after his transfer to the facility.

19. On October 27, 2024, GEO and ICE health care employees found Mr. Sanchez dead in the medical housing unit to which he was assigned. Attempts to resuscitate him were unsuccessful.

COMPLAINT - 3
Case No. 25-cv-517

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

20. ICE policies proscribe a range of procedures that the agency must take when assessing a detained individual for medical needs, including as to people who exhibit withdrawal symptoms.

21. These policies include ICE Directive 11747.2, which provides procedures for ICE employees in cases of individuals who present suspected cases of substance use, intoxication, or withdrawal. *See* ICE, Directive No. 11747.2, Patients with Substance Use, Intoxication, and Withdrawal (Apr. 5, 2023), https://www.ice.gov/doclib/foia/policy/directive11747.2_PatientsWithSubstanceUseIntoxicationWithd.pdf.

22. That policy provides that the detention facility must screen individuals for withdrawal upon intake, provide a behavioral health evaluation if a substance abuse concern is present, and apply the Federal Bureau of Prisons' Clinical Practice Guidelines for Medically Supervised Withdrawal to treat individuals experiencing withdrawal.

23. The policy also provides for monitoring and guidance of persons in withdrawal.

24. In addition, the directive instructs ICE employees to properly maintain records "in accordance with an applicable National Archives and Records Administration (NARA) General Records Schedule."

25. Other ICE policies also govern the medical care of detained persons at ICE facilities, including its medical housing units directive, *see* ICE, Directive No. 11751.4, Medical Housing Units (Mar. 25, 2016), https://www.ice.gov/doclib/foia/policy/11751.4_MedicalHousingUnits_03.25.2016.pdf, and ICE's Performance Based National Detention Standards (PBNDS), *see* ICE, PBNDS (rev. 2016), https://www.ice.gov/doclib/detention-standards/2011/pbnds2011r2016.pdf.

COMPLAINT - 4
Case No. 25-cv-517

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

26. Together, these policies and others require that ICE maintain certain records regarding the intake and administration of medical care for noncitizens in ICE custody.

27. On December 5, 2024, just over a month after Mr. Sanchez's death, NWIRP sent a preservation letter to GEO and ICE instructing them to preserve all records related in any way to the events surrounding Mr. Sanchez's detention and death at the detention center in late October 2024.

28. On January 21, 2025, Ms. Osorio, NWIRP, and UWCHR filed a FOIA request for records related to Mr. Sanchez's medical care, detention, and death while he was in ICE custody from October 22 to 27, 2024.

29. Among other records, the Requestors sought documents related to Mr. Sanchez's medical care, including as to his intake, any medical assessments and evaluations performed on him, treatment plans, the administration of medical care to him, and many other related medical records.

30. Further, the Requestors sought records related to Section 504 of the Rehabilitation Act, including any notices, correspondence, and related documentation for accommodations for Mr. Sanchez.

31. Ms. Osorio, NWIRP, and UWCHR also requested copies of all documents in Mr. Sanchez's detainee file, including "all paperwork generated by [Mr. Sanchez's] stay at the facility." The Requestors specifically identified documents related to Mr. Sanchez's intake and booking, screening, housing placement, and video and audio footage from the places in NWIPC where Mr. Sanchez was detained.

COMPLAINT - 5
Case No. 25-cv-517

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

32. Finally, the Requestors sought all records related to Mr. Sanchez's death, including required notification documents, his death certificate, and a copy of the medical examiner's and autopsy report.

33. In support of the FOIA submission, Requestors included proof of Mr. Sanchez's death in the form of an ICE press release, a declaration from Ms. Osorio waiving any applicable privacy protections, and a copy of Mr. Sanchez and Ms. Osorio's marriage certificate.

34. On January 27, 2025, NWIRP received an email from ICE acknowledging the receipt of the FOIA request.

35. The email stated that, pursuant to 5 U.S.C. § 552(a)(6)(B), ICE would invoke a ten-day extension of FOIA's twenty-business-day requirement for producing a response. *See* 5 U.S.C. § 552(a)(6).

36. Taking into account the ten-day extension, the agency's response to NWIRP's FOIA request was due by March 5, 2025, at the latest.

37. ICE has not provided any response to Plaintiffs' FOIA request.

38. Requestors intend to use released records to determine whether GEO and ICE must be held accountable for Mr. Sanchez's death. Specifically, they intend to review the records to ensure that ICE and GEO complied with required policies and the appropriate standard of care for those suffering from withdrawal. Based on that review, they may also take further action, if warranted, such as producing a report or pursuing further legal action.

**CLAIM FOR RELIEF**

**Violation of Freedom of Information Act**
**(Failure to Provide Timely Response to FOIA Request)**

39. Plaintiffs repeat and re-allege the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

COMPLAINT - 6
Case No. 25-cv-517

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

40. Defendant is obligated under 5 U.S.C. § 552(a)(3) to "promptly" make available agency records requested by any person.

41. Under 5 U.S.C. § 552(a)(6)(A)(i), Defendant must decide within twenty business days of a request whether the agency will produce responsive documents.

42. An extension of this timeline is permitted only "[i]n unusual circumstances" where the agency provides "written notice." 5 U.S.C. § 552(a)(6)(B)(i). Such notices allow the agency to extend the response deadline for ten additional working days. *Id.*; *see also, e.g.*, *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1092 (9th Cir. 2016) ("The statutory time limits require an agency to determine within twenty days whether to comply with a FOIA request or, in the alternative, notify the requester of any 'unusual circumstances' requiring an extension in responding to the request.").

43. Plaintiffs have exhausted its administrative remedies by making its request and waiting twenty business days, and then ten more, for a response. 5 U.S.C. § 552(a)(6)(C); *Hajro*, 811 F.3d at 1092.

44. Accordingly, Defendant has violated the FOIA, and Plaintiffs are entitled to relief requiring the agency to provide a response to its request and production of responsive records.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Order Defendant to immediately produce all corresponding documents and records responsive to Plaintiffs FOIA Request;

c. Award Plaintiffs attorney's fees and costs under the 5 U.S.C. § 552(a)(4)(E) and on any other basis justified under law; and

COMPLAINT - 7
Case No. 25-cv-517

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

     d.     Grant any other and further relief that this Court deems just and proper.

DATED this 24th of March, 2025.

s/ Matt Adams
Matt Adams, WSBA No. 28287

s/ Glenda M. Aldana Madrid
Glenda M. Aldana Madrid, WSBA No. 46987

s/ Leila Kang
Leila Kang, WSBA No. 48048

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974

Northwest Immigrant Rights Project
615 Second Ave., Ste 400
Seattle, WA 98104
(206) 957-8611

*Attorneys for Plaintiffs*

COMPLAINT - 8
Case No. 25-cv-517

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611